Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

__Middle__ District of __Florida__

__Jacksonville__ Division

Legal Mail
Provided to Florida State Prison on 1/19/23 for mailing by [signature]

JASON C. TUREM, et al.,
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

FLORIDA STATE PRISON WARDEN DONALD DAVIS,
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 3:23CV77-TJC-PDB
(to be filled in by the Clerk's Office)

FILED 2023 JAN 23 PM 1:41
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Jason C. Turem, et al.,
   All other names by which you have been known: Do not recall
   ID Number: C07109
   Current Institution: Florida State Prison
   Address: P.O. Box 800
   Raiford, FL. 32083-0800
   City / State / Zip Code

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Donald Davis
   Job or Title (if known): Florida State Prison Warden
   Shield Number: Unknown
   Employer: Florida Dep't of Corrections / Florida State Prison
   Address: P.O. Box 800
   Raiford, FL. 32083-0800
   City / State / Zip Code
   [✓] Individual capacity  [✓] Official capacity

   Defendant No. 2
   Name:
   Job or Title (if known):
   Shield Number:
   Employer:
   Address:
   City / State / Zip Code
   [ ] Individual capacity  [ ] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  City    State    Zip Code
  ☐ Individual capacity    ☐ Official capacity

Defendant No. 4
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  City    State    Zip Code
  ☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

   ☐ Federal officials (a *Bivens* claim)
   ☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   Amend. 14, U.S. Const [Due Process & Equal Protection Clauses]; & Fla. Admin. Code R. 33-601.800 (11)(c) 5 & (12)(b).

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Directly Attached Pages 4a - 4b.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Directly Attached Pages 4a - 4b

1. Close Management ("CM") Fla. Admin. Code R. 33-601.800 (11)(b) & (11)(c) 5 (effective Oct. 6, 2022) permits personal possession of tablet devices (hereinafter, "property" or "tablet") for "all" Close Management level One & Two ("CM 1" or "CM 2").

2. At Florida State Prison ("FSP"), Warden Donald Davis ("Defendant") only permits all Close Management level Three ("CM 3") inmates personal possession of their tablet devices & charging appliances.

3. No FSP CM 1 & CM 2 inmates have had their tablet privileges, or possession thereof, suspended or limited & there will be no mandatory documentation via Form DC6-229 providing for such which is required under CM Fla. Admin. Code R. 33-601.800 (12)(b).

4. Pursuant to CM Fla. Admin. Code R. 33-601.800(15)(a) 8, the Defendant officially tours & inspects all CM units once every week & discusses issues with & amongst CM inmates. Myself, along with hundreds of other CM 1 & CM 2 inmates continuously discuss the above-stated issues of being illegally, unlawfully & unconstitutionally deprived of possession of our tablets & charging appliances without due process of law. The Defendant's ongoing answer to all CM 1 & CM 2 inmates is generally: "You'll get them whenever I feel like giving them to CM 1 & CM 2 inmates."

5. Thus, personal knowledge & causation against the Defendant is supported. The Warden of FSP, Defendant Donald Davis, is the only official & individual party who can give the authorization, or lack thereof which is the case in point here, possession of tablets & charging appliances to & for CM 1 & CM 2 inmates.

6. This Court can call CM Correctional Institutions Santa Rosa C.I. & Suwannee C.I. (i.e., Plaintiff Turem's brother called both CM institutions & they informed Plaintiff's brother that their CM 1 & CM 2 inmates have tablets & charging appliances) to confirm that both CM institutions have furnished

Page 4a of 11

tablets & charging appliances to their CM1 & CM2 inmates. Plaintiff Turem is unsure as to CM institutions Hardy C.I., Union C.I. & Charlotte C.I. because he did not have his brother call them. But this Court may do so. Thus, the Defendant is treating all his FSP similarly situated CM1 & CM2 inmates differently than other institutionally similarly situated CM1 & CM2 inmates.

7. Furthermore, the Defendant has taken all FSP CM1 & CM2 inmate's radio walkmans & batteries. Ditto, the Defendant has taken radio walkmans & batteries off the CM canteen. Taking all radios & batteries from all CM inmates, as well as off of the CM canteen thereof, was because tablets were supposed to replace both. All FSP CM inmates thereby have no means to listen to sports, music, &/or republican news & talk. Plaintiffs therefore have no access to the media while on CM (i.e., single-man cell, twenty-four/seven solitary confinement) at FSP, especially indigent inmates. This is also causing CM inmates at FSP to suffer mental & emotional injury, as well as mental health deterioration.

8. The Defendant is acting under color of state & federal law.

9. Wherefore, based on all the aforementioned factual allegations of the Plaintiff(s), & the claims against Defendant FSP Warden Donald Davis for his individual &/or official deprivation in depriving CM1 & CM2 FSP inmates of possession of tablets & charging appliances without due process of law, along with treating FSP CM1 & CM2 inmates differently & unequally than similarly situated CM1 & CM2 inmates at other CM institutions who do possess tablets & charging appliances, clearly violates the due process & equal protection clauses under Amendment Fourteen to the United States Constitution. This civil action now follows.  ...

C. What date and approximate time did the events giving rise to your claim(s) occur?

When CM Fla. Admin. Code R. 33-601.800 (11)(C)5 became effective Oct. 6, 2022 - Present

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Previous Attachment Pages 4a-4b.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. (1) Legal injury; (2) Constitutional injury; & (3) Injury-in-fact based on the Defendant Warden Donald Davis's deprivations to all Florida State Prison Close Management levels One & Two property (i.e., tablets & charging appliances) seizure without due process of law; & treating Florida State Prison CM 1 & CM 2 class inmates differently from all other Close Management Statewide correctional institutions that comply with the Close Management Fla. Admin. Code R. 33-601.800 (11)(CC) 5 & allow personal possession of property (i.e., Tablets) for all their CM 1 & CM 2 inmates. Plaintiff(s) is also suffering ongoing mental & emotional injury(s) insofar as the Defendant has stopped & taken all walkman radios & batteries from solitary confinement CM inmates, which was supposed to be replaced by furnishing CM inmates tablets but the Defendant has refused in violation of the CM prison rules & law, thus all CM1 & CM2 inmates who have nearly zero human interaction & sensory input/output in single-man cells 24/7, have no music, sports & republican news to listen to now, & because of this are experiencing ongoing mental/emotional health deteriorations, as well as ongoing harm & injury to their mental & emotional needs & health.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. (1) Preliminary injunction ordering the Defendant to immediately furnish the Plaintiff(s) their tablet devices & chargers in accordance with Close Management Fla. Admin. Code R. 33-601.800(11)(c)5 (effective Oct. 6, 2022) & cease & desist depriving them of said tablets (i.e., property) without due process of law; (2) Permanent injunction entered against the Defendant to cease & desist depriving Close Management Florida State Prison Plaintiff(s) of their tablets & chargers (i.e., property) in violation of (a) the due process clause under the 14th Amend., U.S. Const. & Fla. Admin. Code R. 33-601.800 (11)(C)5; & (b) the equal protection clause of similarly situated Close Management statewide inmates under Amend. 14, U.S. Const., because inmates on CM 1 & CM 2 at other Close Management institutions have their tablets & charging appliances, but only Florida State Prison CM 1 & CM 2 inmates do not; (3) In accordance with the Class Action Fairness Act, Class certification for all CM 1 & CM 2 Florida State Prison inmates on Close Management; (d) Pursuant to Fed. R. Civ. P. 54(d) & Title 28 U.S.C. 1920, taxed costs against the Defendant if the Plaintiff(s) are the prevailing party; & (e) any additional relief this Court deems just, proper & equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Florida State Prison ("FSP"),

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All Claims.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Florida State Prison & Central Office (i.e., Office of the FDOC Secretary).

2. What did you claim in your grievance?

   That all FSP CM1 & CM2 inmates are being deprived of possessing tablets & charging appliances in violation of Fla. Admin. Code R. 33-601.800, et seq., etc.

3. What was the result, if any?

   Approved by FDOC Secretary Representative. Overturned Institutional denial. Nothing has changed however.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   All "available" administrative remedies have been exhausted in accordance with Ross v. Blake, 136 S.Ct. 1850 (2016) as to all claims herein.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N|A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I exhausted all. But as I stated on p.4a,§4, me & many other CM inmates have been bringing this issue & claims to the Defendant on his weekly CM unit rounds.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

FDOC Secretary & the Defendant are required to follow & enforce all rules & laws of this State per Fla. Admin. Code R. 33-208.001(4)(a) of the Personnel General & 33-208.002(1) of the Personnel Rules of Conduct, but the many exhausted administrative remedies will show they're in violation. Further, my brother Joshua Gardner at cell #(813)731-6020 has sent emails to Secretary & Warden about this, to no avail.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.) I, along with many other FSP CM inmates already have their own tablets in property storage (See Ex-A [Tablet Stored]) but the Defendant forbids the property Sgt. Rogers from handing out. Plus, there's hundreds awaiting all other CM1 & CM2 inmates who never previously possessed one.

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    N|A
   Defendant(s)   N|A

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N|A

3. Docket or index number
   N|A

4. Name of Judge assigned to your case
   N|A

5. Approximate date of filing lawsuit
   N|A

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition.   N|A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N|A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   Jason C. Turem
   Defendant(s)  Florida Dep't of Highway Safety & Motor Vehicles, et al.,

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Leon County Court

3. Docket or index number
   2021-CA-1987

4. Name of Judge assigned to your case
   John Cooper

5. Approximate date of filing lawsuit
   Do not recall

6. Is the case still pending?
   ☑ Yes  On appeal. See Turem, No. 1D22-1195 (Fla. 1st DCA).
   ☐ No

   If no, give the approximate date of disposition   N|A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case Appealed. See Turem, No. 1D22-1195 (Fla. 1st DCA)

1. Parties to the previous lawsuit
   Plaintiff(s) Jason C. Turem
   Defendant(s) Florida Dep't of Corrections, et al.

2. Court
   Leon County Circuit Court

3. Docket Number
   2020-CA-0868

4. Name of Judge assigned
   J. Layne Smith

5. Approximate date of filing
   Do not recall

6. Is the case still pending?
   ☑ Yes, On Federal Habeas Corpus before this Court

7. What was the result of the case?
   Case now before this Court on Federal Petition for Writ of Habeas Corpus.

   I have many other State Court civil lawsuits, but due to my mental health, loss of prior inactive case documentation, & length of time, I do not recall any of their individual case information. Refer to & see https://myflcourtaccess.com/ & search under my name. I've also filed & voluntarily dismissed two prior federal civil court cases. One in this Court, one in Pensacola Division, but I do not recall their individual case info & details. See the Administrative Office of the United States Courts, One Columbus Circle, NE., Washington, DC. 20544 & provide them with my name.

Page 10a of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 19th, 2023

Signature of Plaintiff
Printed Name of Plaintiff: Jason C. Turem
Prison Identification #: DC# C07109
Prison Address: Florida State Prison, P.O. Box 800
Raiford, FL. 32083-0800
      *City*       *State*       *Zip Code*

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
      *City*       *State*       *Zip Code*
Telephone Number
E-mail Address